CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 6 2011

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DARRYL CHANDLER, | ) | CASE NO. 7:11CV00319 |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OPINION |
| vs. | ) | |
| | ) | |
| ADRIAN HOKE, ET AL., | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Respondent(s). | ) | |

Darryl Chandler, a West Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, seeking removal of a Virginia detainer. Specifically, he asserts that the underlying larceny charge must be dismissed and the detainer must be quashed, because Virginia authorities failed to bring Chandler to trial on the charge within the time limit set by the Interstate Agreement on Detainers ("IAD"). Upon review of the record, the court concludes that the petition must be dismissed.

I

Chandler's submissions offer the following sequence of events related to his claims. Chandler is serving a prison sentence of three to fifteen years in West Virginia. In October or November 2009, West Virginia authorities notified Chandler that a detainer had been lodged against him, based on a warrant issued by the Tazewell, Virginia, General District Court on January 8, 2007, charging Chandler with larceny for failure to return a rented television valued at more than $200.00.[1] On January 27, 2010, Chandler notified the Tazewell court and the

---

[1] Chandler's submissions indicate that this charge is Arrest Warrant #185GM4480700046. The detainer based on this warrant is a notice to prison authorities that the criminal justice agency which brought the charge wants prison officials to hold the defendant and notify the agency when his release is imminent. See, e.g., Cuyler v. Adams, 449 U.S. 436 n.3 (1981).

1

Tazewell Commonwealth Attorney's Office that he was making a request under Article III of the IAD for final disposition of the larceny charge.

After 180 days passed without Virginia authorities coming to take custody of Chandler to bring him to trial on the 2007 warrant, on August 9, 2010, Chandler submitted to the Tazewell County General District Court a motion to dismiss the charge with prejudice under Article III of the IAD. Chandler wrote letters to the Court and the Commonwealth's Attorney in September 2010, asking for disposition of his motion to dismiss.[2] He received no response. Chandler then filed a petition for a writ of mandamus in the Supreme Court of Virginia, asking that Court to order the Tazewell County General District Court to decide the motion to dismiss. (Record No. 110486). On May 2, 2011, the Supreme Court of Virginia dismissed the petition for mandamus, stating that "[o]n consideration of this case, the Court is of the opinion that the writ of mandamus should not issue as prayed for." (Id.)

Chandler filed this § 2241 petition in July 2011. He seeks to have the 2007 charge dismissed with prejudice and to have the detainer quashed.

## II

The IAD is a compact among 48 states, the District of Columbia, and the federal government with the aim of establishing procedures for resolution of one jurisdiction's outstanding criminal charges against another jurisdiction's prisoner. See 18 U.S.C. § App. West Virginia and Virginia are participating states. See W. Va. Code Ann. §§ 62-14-1 to 62-14-7; Va. Code §§ 53.1-210, et seq. The IAD is a congressionally-sanctioned interstate compact within the Compact Clause, U.S. Const., Art. I, § 10, cl. 3, and is a federal law subject to federal construction. Cuyler v. Adams, 449 U.S. 433, 438-442 (1981). Under Article III of the IAD,

---

[2] Between September 2010 and January 2011, Chandler also filed documents in the Tazewell County Circuit Court and the Court of Appeals of Virginia, asking for help in being brought to trial on the pending charge, without success.

2

when an inmate makes an appropriate request to the charging agency for disposition of the warrant, the agency has 180 days to bring that inmate to trial on the outstanding charge, or the charge must be dismissed with prejudice, which nullifies the detainer.

Taking Chandler's allegations in the light most favorable to him, he submitted a request for timely disposition of the larceny charge to the Tazewell Commonwealth's Attorney, the agency that would presumably prosecute this charge against him in the Tazewell General District Court. He has received no response from this agency and has not been tried within the time limits set by Article III. Accordingly, he has alleged facts stating a prima facie claim that he is entitled to have the charge dismissed under Article III and to have the detainer quashed.

Because the IAD is subject to federal construction, a violation of the IAD may constitute grounds for federal habeas relief under § 2241.[3] Habeas relief is warranted on nonconstitutional claims, however, only if the federal habeas court determines that "the claimed error of law [is] a fundamental defect which inherently results in a complete miscarriage of justice," and presents "exceptional circumstances where the need for the remedy ... is apparent." Davis v. United States, 417 U.S. 333, 346 (1974) (omitting internal quotations). Under this principle, a violation of the IAD warrants federal habeas relief only if the petitioner demonstrates prejudice stemming from the pendency of the challenged detainer. Kerr v. Finkbeiner, 757 F.2d 604, 607 (4th Cir. 1985). In Kerr, because the petitioner did not demonstrate that he was "denied prison privileges and rehabilitation efforts" because of the pending charge or that the delay in prosecution had adversely affected his ability to defend against the charge, he had not demonstrated a

---

[3] Generally, before bringing a § 2241 in federal court, the petitioner must exhaust judicial remedies available in the courts of the state whose charge he wishes to challenge. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-93 (1973) (discussing exhaustion of IAD claims in state court). The record does not indicate that Chandler has pursued a state court habeas petition, asking that the larceny charge be dismissed based on the alleged IAD violation. Because the court determines that Chandler is not entitled to § 2241 relief in any event, however, the court will not address whether or not he has exhausted available state court remedies.

3

"fundamental defect" so as to warrant federal habeas relief based merely on a technical violation of Article III. Id.

Chandler alleged vaguely in his petition that the presence of the detainer in his West Virginia prison file "is adversely affecting [his] security clearance, transfer, and parole board hearing decisions." He offers no specific evidence, however, that he has been denied particular rehabilitative programs or parole release merely because of the Virginia detainer. He also offers no evidence that the delay in trying the larceny charge has hampered his ability to defend against it. Because he has made no specific showing of prejudice stemming from pendency of the detainer,[4] the court finds that he has failed to state any cognizable claim under § 2241 based on the alleged violation of Article III of the IAD. Id. Therefore, the court will dismiss the petition. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 26th day of September, 2011.

/s/ James C. Turk
Senior United States District Judge

---

[4] Moreover, the court has received documentation indicating that the Tazewell County Sheriff's Office, at the behest of the county prosecutor, recently notified the prison in West Virginia that the detainer against Chandler should be removed. The court has also been informed that the detainer is no longer pending against Chandler. Thus, Chandler's demand for removal of the detainer is moot. While the larceny charge itself has not been dismissed, the record offers no indication that its mere pendency presents any ground for federal habeas relief. Kerr, 757 F.2d at 607.